1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL VANDERVALL, | ) Case No. CV 15-2919 ODW(JC) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING ACTION WITHOUT PREJUDICE |
| J. SOTO, Warden, | ) |
| | ) |
| Respondent.__ | ) |

## I.   SUMMARY

On April 20, 2015, petitioner Karl Vandervall ("petitioner"), a California prisoner who is proceeding pro se, formally filed a Petition for Writ of Habeas Corpus ("Current Federal Petition") with exhibits ("Petition Ex.").  The Current Federal Petition challenges a criminal judgment in the year 2000, in Los Angeles County Superior Court Case MA018516 ("State Case" or "State Conviction"). (Petition at 2, 5-6).

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition is denied and this action is dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition.  Further, the Clerk of the Court is directed to

refer the Current Federal Petition to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II.   PROCEDURAL HISTORY[2]

### A.   State Conviction, Direct Appeal, and State Habeas Petitions

On February 23, 2000, a jury convicted petitioner of possession of a weapon by a prisoner.  On March 20, 2000, the court imposed a "third-strike" sentence of twenty-five years to life imprisonment.

On June 18, 2002, the California Court of Appeal, in Case No. B141120, affirmed the judgment in an unpublished opinion.  On August 28, 2002, the California Supreme Court, in Case No. S108555, denied review without comment or citation.  The record does not reflect that petitioner filed a petition for writ of certiorari in the United States Supreme Court.

Petitioner's first state habeas petition, dated December 11, 2003, was received in the Superior Court on December 30, 2003, and was filed and denied on January 9, 2004.  Petitioner's second state habeas petition, dated March 18, 2005, was filed in the California Supreme Court on March 21, 2005, and was denied without comment or citation on March 15, 2006.

---

[1]Ninth Circuit Rule 22-3(a) provides in pertinent part:  "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2]Unless otherwise indicated, the facts and procedural history set forth in this section are derived from court records in the Central District of California (CDCA) and the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") in the following cases of which this Court takes judicial notice:  (1) Karl Vandervall v. Roseanne Campbell, CDCA Case No. CV 06-2701 GPS(CW) ("First Federal Petition" or "First Federal Action"); and (2) Karl Vandervall v. Roseanne Campbell, Ninth Circuit Case No. 07-56433 ("Ninth Circuit Action"). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

Petitioner thereafter, on an unknown date, filed another state habeas petition in the Superior Court which was denied on December 5, 2014.  (Petition at 4).  On or about December 30, 2014, petitioner submitted a state habeas petition in California Court of Appeal Case No. B261074 which was formally filed on January 5, 2015, and which was denied in a reasoned decision on January 23, 2015. (Petition at 4; Petition Ex).[3]  Petitioner thereafter filed a petition for review, dated February 2, 2015, in California Supreme Court Case No. S224279 which such court denied without comment on March 11, 2015.  (Petition at 4-5; Petition Ex.).

### B.    First Federal Petition/First Federal Action and Ninth Circuit Action[4]

On May 3, 2006, petitioner formally filed the First Federal Petition, which was dated April 7, 2006, and was lodged on April 19, 2006.  The First Federal Petition challenged the criminal judgment in the State Case on the following grounds:  (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) denial of a fair trial when the court joined substantive counts and allegations of prior convictions in one proceeding; (4) actual innocence; and (5) cumulative error.  On May 31, 2007, judgment was entered dismissing the First Federal Petition with prejudice as untimely.

On June 29, 2007, petitioner filed a Notice of Appeal and an application for

---

[3]In denying such petition, the Court of Appeal stated:  "The petition for writ of habeas corpus filed on January 5, 2015, has been read and considered and is denied on the grounds an issue raised has previously been raised and rejected on appeal [citation] and, on the merits, petitioner has failed to present facts or evidence sufficient to demonstrate entitlement to relief. [Citations]."  (Petition Ex.) (internal citations omitted).

[4]This Court notes that petitioner has inaccurately attested under penalty of perjury that he has not "previously filed any habeas petitions in any federal court with respect to this judgment of conviction."  (Current Federal Petition at 7 [response to question 10], 8 [certification under penalty of perjury that foregoing is true and correct]).  Petitioner is admonished that falsely representing facts to the Court can, among other things, subject petitioner to sanctions under Rule 11 of the Federal Rules of Civil Procedure.

a certificate of appealability from the District Court in the First Federal Action.  On September 26, 2007, the Court denied the application for a certificate of appealability.  Such denial was entered on October 5, 2007.

On April 30, 2008, the Ninth Circuit likewise denied petitioner's request for a certificate of appealability in the Ninth Circuit Action.

### C.  Current Federal Petition

As noted above, on April 20, 2015, petitioner formally filed the Current Federal Petition.  The Current Federal Petition is dated April 12, 2015, was lodged on April 15, 2015, and again challenges the judgment in the State Case, asserting the following grounds:  (1) denial of due process and equal protection when the court determined that two strikes arose from a single act relating to a single victim; (2) ineffective assistance of trial counsel based on counsel's asserted denial of petitioner's right to testify at trial; and (3) ineffective assistance of trial counsel because counsel assertedly denied petitioner the ability to wear personal clothes at trial.

The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[5]

### III.  DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application.  Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)).  This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court."  Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F.Supp.2d 1027, 1028-30 (C.D. Cal. 2003) (discussing

---

[5]A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc.,

5

514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted); <u>Reyes v. United States</u>, 1999 WL 1021815 *3 (E.D.N.Y. 1999) (dismissal of first habeas petition for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) constitutes dismissal on the merits and renders subsequently filed habeas petition second or successive).

Petitioner's First Federal Petition was denied as untimely – a determination which the Ninth Circuit has deemed to constitute a disposition on the merits. <u>See</u> <u>McNabb</u>, 576 F.3d at 1030. Accordingly, the Current Federal Petition is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

**IV. ORDER**

IT IS THEREFORE ORDERED that the Current Federal Petition is denied and this action is dismissed without prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Current Federal Petition to the Ninth Circuit.

DATED:     April 27, 2015

_____
HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE